THIS OPINION IS
A PRECEDENT OF
THE T.T.A.B.

Mailed:  May 2, 2008

**UNITED STATES PATENT AND TRADEMARK OFFICE**

_____

**Trademark Trial and Appeal Board**

_____

In re Vicki Roberts

_____

Serial No. 76649075

_____

Robert J. Schaap of Law Offices of Robert J. Schaap for Vicki Roberts.

Steven W. Jackson, Trademark Examining Attorney, Law Office 107 (J. Leslie Bishop, Managing Attorney).

_____

Before Grendel, Rogers and Cataldo, Administrative Trademark Judges.

Opinion by Cataldo, Administrative Trademark Judge:

Vicki Roberts (applicant) has applied to register the designation shown below as a mark on the Principal Register for the following services, as amended:  "providing professional legal services, namely counseling in legal matters, drafting documents, and representation in adversarial and administrative matters" in Class 42.

# irestmycase

In addition, applicant submitted the below specimen of use with her application.



**VICKI ROBERTS, ESQ.**
P.O. Box 642326
Los Angeles, CA 90064

--------------------

Phone: (310) 475-8549
Fax: (310) 478-6365
www.restmycase.com

FOR IMMEDIATE RELEASE                    JULY 1, 2005

Nationally renowned attorney Vicki Roberts, whose clients include *Gary Busey, David Carradine, Michael Madsen,* and *Armand Assante,* has been seen frequently on the syndicated television show, *Celebrity Justice,* and has also appeared on *Extra,* on MSNBC's *Dan Abrams Show,* and on VH1's legal music show, *Rock and a Hard Place.*

Ms. Roberts has also been featured in various print media, including the September 2004 issue of *Vanity Fair.* She is the lead attorney contributor to the upcoming and much anticipated book by *Larry King* entitled *Beyond a Reasonable Doubt: Letters and Essays from the Famous and Infamous on the True Legal Definition of Guilt in America's Courtrooms.*

She is also the Executive Producer and co-producer of the film, *Passengers,* which was featured in the Montreal Film Festival and was part of a September 2004 exhibition at the Queen Sofia Museum in Madrid, Spain. *Passengers* was also submitted to the Academy of Motion Picture Arts and Sciences for Academy Award consideration in 2004.

Ms. Roberts has also counseled *Bo Hopkins* and *Sally Kirkland* and her clientele includes professionals and executives in the television, film, and music industries. She was the attorney of record on the *Andrew Luster* litigation concerning the former fugitive's high profile date-rape conviction and subsequent apprehension by a bounty hunter in Mexico and she also represented the well-known political and celebrity fundraiser, *Aaron Tonken,* author of the book *King of Cons, Exposing the Dirty Rotten Secrets of the Washington Elite and Hollywood Celebrities.*

A 22-year veteran civil and criminal litigator and former Los Angeles Municipal Court Judge Pro Tem, Ms. Roberts supports numerous charities, both on the local and national levels, and has often been seen co-hosting live charity auctions in and around the Los Angeles area.

Her website is www.restmycase.com and she can been reached through her e-mail, vicki@restmycase.com, via fax, or via regular mail for any and all inquiries, event appearance requests, and speaking engagements.

2

Applicant claimed first use and first use in commerce of the proposed mark as of November 1999.

On April 27, 2006, the trademark examining attorney issued his first Office action, requiring applicant to: amend her recitation of services; amend the classification of services to Class 42; submit a standard character claim for the drawing of her mark; and either submit a substitute specimen that agrees with the mark as depicted on the drawing or amend the application to seek registration under Section 1(b) of the Trademark Act.

In her October 27, 2006 response, applicant amended the identification and classification of services as indicated above; declined to submit a standard character claim for the drawing of her mark; and submitted by declaration the substitute specimens displayed below, consisting of a printout from an Internet message board showing applicant's profile page as well as a copy of applicant's letterhead.

IMDb :: Boards :: Profile for restmycase

Get 3 months free
msn Dial-up Switch to MSN today
LEARN MORE
FREE T

**IMDb**
*Earth's Biggest Movie Database*

NOW PLAYING | MOVIE / TV NEWS | MY MOVIES | DVD / VIDEO | IMDb TV | MESSAGE BOARDS | SHOWTIMES & TICKETS | GAME BASE

**IMDb**

Home | Top Movies | Photos | Independent Film | Browse | Help

vicki roberts's acc

All

go  more | tips

Main Boards | Help | Terms & Conditions
My Profile | Favorites | Friends | Private Messages | Log Out

**Message Boards**

IMDbPro Message Boards

## User Profile for restmycase

You are now viewing another user's profile page. Below, you can learn basic information about the user, such as their website address or personal biography (if they've chosen to enter either.) You can also see how long the user has been registered with the message boards, the last time they were active, and a log of their most recent posts.

Most importantly, this profile page allows you to interact with the user three different ways. By clicking on the links, you may:

- Add the user to your ignore list, which makes any post or private message from this user invisible to you.
- Add the user to your friends list, which, like an e-mail address book, adds the users name to a special list in your profile that makes sending them private messages quick and easy
- Send the user a private message, much like sending them an e-mail message.

restmycase

Email       vicki@restmycase.co m

Website     www.restmycase.com, www.irestmycase.com

Biography   Nationally renowned attorney Vicki Roberts, whose clients include Gary Busey, David Carradine, Michael Madsen, Armand Assante, and Jermaine Jackson, has been seen frequently on the syndicated television show, Celebrity Justice, and has also appeared on Extra, on MSNBC's Dan Abrams Show, and on VH1's legal music show, Rock and a Hard Place. She has been quoted on MSNBC's Scarborough Country, on the television show, Inside Edition, and in newspapers and publications worldwide.

She is the lead attorney contributor to the upcoming and much anticipated book by Larry King entitled Beyond a Reasonable Doubt: Letters and Essays from the Famous and Infamous on the True Legal Definition of Guilt in America's Courtrooms, which is currently available as a pre-order on Amazon.com.

Ms. Roberts has also been featured in various print media, including the September 2004

6/19/2006

...../user/ur2693158/boards/profile/?preview=1

4

issue of Vanity Fair, the September 2005 issue of Angeleno, and the Fall 2005 issue of Los Angeles Confidential. She was recently interviewed for a full length article about her life in Lifestyles Magazine.

She is also the Executive Producer and co-producer of the short live action film, Passengers, which was featured in the Montreal Film Festival and was part of a September 2004 exhibition at the Queen Sofia Museum in Madrid, Spain. Passengers was also submitted to the Academy of Motion Picture Arts and Sciences for Academy Award consideration in 2004.

Ms. Roberts has also counseled Michael Nouri, Sally Kirkland, and Bo Hopkins, and her clientele includes professionals and executives in the television, film, and music industries. She was the attorney of record on the Andrew Luster litigation concerning the former fugitive's high profile date-rape conviction and subsequent apprehension by a bounty hunter in Mexico and she also represented the political and celebrity fundraiser, Aaron Tonken, author of the book King of Cons, Exposing the Dirty Rotten Secrets of the Washington Elite and Hollywood Celebrities.

A 23-year veteran civil and criminal litigator and former Los Angeles Municipal Court Judge Pro Tem, Ms. Roberts supports numerous charities and has often been seen co-hosting live charity auctions in and around the Los Angeles area. She can be reached through her legal services portals, www.restmycase.com and www.irestmycase.com , and with that, as Ms. Roberts often says, I Rest My Case.

| User comments | http://imdb.com/user/ur2693158/comments |
|---|---|
| Status | User |
| Last Active | Mon Jun 19 2006 |
| Registered | Sat Sep 13 2003 |

**VICKI ROBERTS, ESQ.**
P.O. Box 642326
Los Angeles, CA 90064
------------------
Phone: (310) 475-8549
Fax: (310) 478-6365
www.irestmycase.com

On December 22, 2006, the examining attorney issued a "final" Office action accepting applicant's amended recitation and classification of services; withdrawing the requirement that the drawing match the specimens of record, and refusing registration under Sections 1, 2, 3 and 45 of the Trademark Act, 15 U.S.C. §§ 1051, 1052, 1053 and 1127, on the ground that the proposed mark, as used on the specimens of record, fails to identify and distinguish applicant's services from similar services of others or indicate their source.

In her December 26, 2006 response, applicant submitted arguments in favor of her position that the applied-for designation functions as a mark. In addition, applicant submitted by declaration additional "samples" in the form

of photographs of billboards, campaign posters, magazine and Internet articles, and a portion of a book, all displaying the Internet website address www.restmycase.com in connection with applicant.

On January 16, 2007, the examining attorney issued an Office action continuing the refusal to register under Trademark Act Sections 1, 2, 3 and 45.

On June 26, 2007, applicant submitted additional arguments in support of registration and resubmitted by declaration the above-noted substitute specimens and evidence. In addition, applicant filed with the Trademark Trial and Appeal Board a notice of appeal of the examining attorney's refusal to register.

That same day, the instant appeal was instituted. Applicant and the examining attorney have filed briefs on the issue under appeal.

Timeliness of Appeal

As a preliminary matter, we note that an appeal may be taken only after the examining attorney has issued a final refusal or a second refusal on the same ground. *See* Trademark Rule 2.141. *See also* TBMP §1201 (2d ed. rev. 2004), and the authorities cited therein. In this case, the examining attorney first raised the refusal to register under Trademark Act Sections 1, 2, 3 and 45 that is the

subject of this appeal in his second, "final" Office action dated December 22, 2006, and repeated the refusal on the same grounds in his January 16, 2007 Office action. In view of the examining attorney's second refusal to register the subject designation under Trademark Act Sections 1, 2, 3 and 45, the instant appeal is not premature but clearly is timely. *See, for example, In re Spirits International,* 86 USPQ2d 1078 (TTAB 2008).

We turn then to the merits of the case.

Failure to Function as a Mark

As has frequently been stated, "Before there can be registration, there must be a trademark." *In re Bose Corporation, d/b/a Interaudio Systems*, 546 F.2d 893, 192 USPQ 213, 215 (CCPA 1978). Inasmuch as applicant seeks registration of the designation **irestmycase** as a service mark to identify her legal services, the starting point for our analysis is Section 45 of the Trademark Act, as amended, where "service mark" is defined as "any word, name, symbol, or device, or any combination thereof used by a person … to identify and distinguish the services of one person, including a unique service, from the services of others and to indicate the source of the services, even if that source is unknown." 15 U.S.C. §1127. This section further provides that a mark shall be deemed to be in use

in commerce "on services when it is used or displayed in the sale or advertising of services…." *Id*. Thus, the mark must be used in such a manner that it would readily be perceived as identifying the specified services and distinguishing a single source or origin therefor. *See In re Safariland Hunting Corp*., 24 USPQ2d 1380 (TTAB 1992); and *In re Aerospace Optics, Inc.*, 78 USPQ2d 1861 (TTAB 2006).

A critical element in determining whether matter sought to be registered is a trademark or service mark is the impression the matter makes on the relevant public. In order for a designation to be a service mark as defined above, there must "be a direct association between the matter sought to be registered and the [services] identified in the application, that is, that the matter is used in such a manner that it would be readily perceived as identifying such [services]." *In re N.V. Organon*, 79 USPQ2d 1639, 1649 (TTAB 2006). Thus, in this case, we must examine the original and substitute specimens to determine whether the designation **irestmycase** would be perceived as a source indicator for applicant's recited legal services. *See also In re Brass-Craft Mfg. Co.*, 49 USPQ2d 1849 (TTAB 1998); and *In re Volvo Cars of North America Inc.*, 46 USPQ2d 1455 (TTAB 1998).

In this case, we observe that neither the original specimens nor the substitute specimens filed with this use-based application show use of **irestmycase** per se. The original specimens, identified as a reprint of a news release regarding applicant, do not display **irestmycase** at all, but rather only show the terms www.restmycase.com and vicki@restmycase.com in applicant's respective Internet website and email addresses. Applicant's substitute specimen, identified as her letterhead, shows the applied-for designation embedded within applicant's Internet website address as follows: www.irestmycase.com. Applicant's additional substitute specimen, identified as her Internet message board under the user name "restmycase," shows the above-noted email and website addresses as well as the following wording regarding applicant: "She may be reached through her legal service portals, www.restmycase.com and www.irestmycase.com, and with that, as Ms. Roberts often says, I Rest My Case."

To state the obvious, any specimen submitted by applicant in this case must as a threshold matter display the designation **irestmycase** either standing alone or in context to show use thereof as a mark in commerce. *See* TMEP §904.07(a) (5th ed. 2007) and the authorities cited therein. As noted above, applicant's original specimens do

10

not show **irestmycase** but rather displays "restmycase" in the context of applicant's Internet website and email address. Further, the term "restmycase" as it appears on applicant's Internet message board, submitted as a substitute specimen, similarly fails to show the applied-for designation **irestmycase.** We are not persuaded by applicant's argument that "the two terms are almost synonymous" and that, as a result, "it is urged that "I rest my case" is the equivalent of "restmycase" and in the like manner "irestmycase" is the equivalent of "restmycase" (October 27, 2006 response to first Office action, p. 5). The standard for comparison of a mark as it appears in the drawing and on the specimens of record is not "almost synonymous." Rather, the standard is set forth in Trademark Rule 2.51(a), which provides as follows: "In an application under section 1(a) of the Act, the drawing of the mark must be a substantially exact representation of the mark as used on or in connection with the goods and/or services." 37 C.F.R. §2.51. To determine whether the drawing is a "substantially exact" representation of the mark as actually used, we look to the specimens of record. *See* TMEP§807.12(a).

Applicant's drawing page unambiguously displays her applied-for mark as **irestmycase.** Both the original

11

specimen filed with the application and "restmycase" as it appears as applicant's user name on her Internet message board fail to display that designation, if for no other reason than they fail to include all of the letters comprising applicant's proposed mark.[1]  In addition, "I Rest My Case" as it appears on applicant's message board, while containing all of the letters comprising applicant's proposed mark, disagrees with **irestmycase** as it appears on applicant's drawing page.  Thus, we find that such uses fail to show use of **irestmycase** as a mark or otherwise.

As a result, the applied-for designation **irestmycase** only appears embedded in applicant's Internet website address www.irestmycase.com, as used in applicant's letterhead and message board.  In applicant's letterhead, such designation appears below applicant's name, address, telephone and fax numbers, and in smaller type than that in which applicant's name appears.  As displayed on applicant's letterhead, www.irestmycase.com clearly is intended to indicate the address for applicant's website, and its position at the end of applicant's other contact information reinforces this impression.  On applicant's

---

[1] For this same reason, the additional "samples" made of record by applicant, all of which display the term www.restmycase.com, fail to show use of **irestmycase** either as a mark or otherwise.

12

message board as reproduced above, such designation is in two places, both of which clearly indicate that www.irestmycase.com is one of applicant's websites.

Under these circumstances, we agree with the examining attorney's conclusion that *In re Eilberg*, 49 USPQ2d 1955 (TTAB 1999), is controlling:

> As shown, the asserted mark identifies applicant's Internet domain name, by use of which one can access applicant's Web site. In other words, the asserted mark WWW.EILBERG.COM merely indicates the location on the Internet where applicant's Web site appears. It does not separately identify applicant's legal services as such. [internal citation omitted].

*Id*. at 1957. In the case before us, www.irestmycase.com appears along with applicant's other contact information on her letterhead, and is specifically identified as one of her Internet website addresses or "legal service portals" by means of which "she can be reached" on her Internet message board. However, in neither specimen is **irestmycase** used at all, or www.irestmycase.com used to indicate the source of applicant's legal services. Rather, such designation as it appears on her substitute specimens simply serves as an address by means of which one may reach applicant's Internet website.

We note that the purpose of www.irestmycase.com as an Internet website address does not per se preclude it or a

portion thereof from serving as a source identifier for

applicant's services. *See Id.* However, in order for

**irestmycase** to function as a mark, applicant must first

take the necessary actions to use it as such or to use the

web address in such a manner that the **irestmycase** portion

would be perceived as a mark.[2]  *See* Section 45 of the

Trademark Act, *supra.* The "mere intent that a term

function as a trademark is not enough in and of itself, any

more than attachment of the trademark symbol would be, to

make a term a trademark." *In re Manco Inc.*, 24 USPQ2d 1938

(TTAB 1992) (THINK GREEN failed to function as a mark for,

inter alia, mailing and shipping cardboard boxes). *See*

*also, In re Eilberg, supra,* at 1957:

> This is not to say that, if used appropriately,
> the asserted mark or portions thereof may not be
> trademarks or services mark.  For example, if
> applicant's law firm name were, say, EILBERG.COM
> and were presented prominently on applicant's
> letterheads and business cards as the name under
> which applicant was rendering its legal services,
> then that mark may well be registrable.  However,
> this is not the case before us.

*See also, for example, In re Volvo, supra* (DRIVE SAFELY

failed to function as a mark for automobiles and structural

---

[2] In that regard, while the inherent or acquired distinctiveness of the proposed mark is not before us, we observe nonetheless that the term **irestmycase** would appear to be highly suggestive of applicant's services and thus is even more dependent upon specimens displaying proper use of that designation as a mark in order for it to be perceived as such.

parts therefor); *In re Remington Products, Inc.*, 3 USPQ2d 1714 (TTAB 1987) (PROUDLY MADE IN THE USA failed to function as a mark for electric shavers and parts thereof); and *In re Morganroth*, 208 USPQ 284 (TTAB 1980) (NATUR-ALL-IZE YOUR HAIR COLORING failed to function as a mark for hair styling salon services). Based upon the foregoing, we conclude that applicant's designation **irestmycase**, as it appears in the website address on applicant's specimens of record, fails to function as a mark under Trademark Act Sections 1, 2 and 45 as used in connection with her recited legal services.

Decision:  The refusal of registration under Trademark Act Sections 1, 2, 3 and 45, is affirmed.